UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ANTHONY WILLIAMSON, et al.

            Plaintiffs,        **MEMORANDUM & ORDER**
                                                     21-CV-2465(EK)(PK)
    -against-

JOSEPH CESTARO,

            Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

       This case concerns the upcoming election being held by a union, the Construction & General Building Laborers Local 79 ("Local 79"). The parties dispute who may use the phrase "Clean Slate" in the election. The lawsuit was initially filed in state court, but third-party counterclaim defendants Michael Prohaska and Local 79 removed it here on May 3, 2021. For the reasons set forth below, I conclude that the removal was improper and remand the case.

                    **I.  Background**

       On March 31, 2021, Anthony Williamson and Chaz Rynkiewicz (members of Local 79's Executive Board) brought a state-law action in the Supreme Court of the State of New York, Kings County, against Joseph Cestaro, a fellow citizen of New York. Cestaro is a candidate for business manager in Local 79's upcoming election. *See* State Complaint, ECF No. 9, Ex. 6. They

allege that Cestaro's New York State service-mark registration for the phrase "Clean Slate" was procured by fraud because Cestaro misrepresented to the New York Department of State that he "owned" the term personally, even though the phrase has been used by candidates for union office for decades. *Id.* They asked the state court to revoke the mark.

In response, Cestaro brought counterclaims against Williamson and Rynkiewicz seeking, among other things, a declaratory judgment that he is the rightful owner of the mark. *See* Answer with Counterclaims and Cross-Claims, ECF No. 9, Ex. 7. Cestaro also filed counterclaims against others — namely, third-party counterclaim defendants Michael Prohaska and Local 79, alleging, *inter alia*, trademark infringement, wrongful termination, and defamation, and challenging the draft ballot prepared by the Local 79 Judges of Election. *Id.* Prohaska is campaigning for the same position at Local 79 — business manager — as Cestaro. Both candidates are using the "Clean Slate" moniker.

On May 3, 2021, Prohaska and Local 79 (the "Third-Party Counterclaim Defendants") removed the case pursuant to 28 U.S.C. § 1441. *See* Notice of Removal, ECF No. 1. In the Notice, they assert that federal jurisdiction exists under Section 301(a) of the Labor Management Relations Act, 29 U.S.C § 185(a), because Cestaro's counterclaims against them are

2

"substantially dependent" on the application of Local 79's constitution.  *See* Notice of Removal ¶ 8 (citing *Whitehurst v 1199 SEIU United Healthcare Workers E.*, 928 F.3d 201, 208 (2d Cir. 2019)).

On May 11, 2021, Cestaro filed a motion in this Court for a temporary restraining order and a preliminary injunction. He seeks to enjoin *anyone* on the ballot from using the phrase "Clean Slate."  ECF No. 9.

## II. Legal Standard

Federal courts are possessed of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree" (internal citations omitted)).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removing party "has the burden of establishing that removal is proper."  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  The right to remove is statutory,

3

established by 28 U.S.C. §§ 1441-1445.  As a result, the Supreme Court in *Shamrock Oil & Gas Corp. v. Sheets* directed federal courts addressing removal to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  313 U.S. 100, 109 (1941).  For this reason, "federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).  If there is ambiguity as to whether removal is appropriate, a court must adopt a construction consistent with this restrictive approach, rather than expand the scope of removability.  *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 9-10 (1951).

### III. Discussion

**A.    28 U.S.C. § 1441(a)**

In their Notice of Removal, the Third-Party Counterclaim Defendants originally invoked Section 1441(a) of the removal statute.  They now concede, however, that they have no right to remove under that Section.  *See* Letter by Construction and General Building Laborers Local 79, Michael Prohaska, ECF No. 7.

Clear authority compels this concession.  Section 1441(a) does not contemplate removal by third-party defendants (i.e., defendants who were not named in the original complaint). Section 1441(a) states that "except as otherwise expressly

provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court . . . ." (emphasis added). And the Supreme Court recently confirmed that third-party defendants against whom counterclaims are asserted may not remove under Section 1441(a). *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019). Courts in this Circuit have applied this principle to other third-party claims as well. *See, e.g.*, *Broad Coverage Serv. v. Oriska Ins. Co.*, No. 20-CV-11108, 2021 WL 930458, at *2 (S.D.N.Y. Mar. 11, 2021) (third-party defendants who claimed to be "real party-in-interest" were not "defendants to the original action, and thus they are not 'defendants' who can seek removal under § 1441(a)"); *Casul v. Modell's NY II, Inc.*, No. 04-CV-7204, 2004 WL 2202581, at *2 (S.D.N.Y. Sept. 30, 2004) ("[C]ourts have routinely held that a third-party [impleaded] defendant may not remove under section 1441(a)." (collecting cases)).

**B. 28 U.S.C. § 1441(c)**

The Third-Party Counterclaim Defendants now argue that removal in this case is proper under a different provision of the removal statute: 28 U.S.C. § 1441(c). As relevant here, that provision provides that:

5

> (1) If a civil action includes —
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

This provision perhaps poses a closer question than removal under Section 1441(a). Unlike Section 1441(a), Section 1441(c) does not explicitly limit removal to "the defendant or the defendants" to the action. In light of this distinction, some courts have read Section 1441(c) to be ambiguous with regard to whom it allows to remove. *E.g., St. John's Univ. v. Certain Underwriters at Lloyd's*, 760 F. Supp. 2d 381, 383 (S.D.N.Y. 2011). In resolving this ambiguity, the "majority" of courts have construed this Section "against allowing removal [by third-party defendants], as the Supreme Court has directed lower courts" to do. *Id.; see also Casul*, 2004 WL 2202581, at *2 (noting that "most courts . . . simply do not read section 1441(c) as permitting removal by a third party defendant"). By contrast, the "minority view posits that . . . a third-party defendant can remove the entire lawsuit" under Section 1441(c), at least in "certain circumstances." *St. John's Univ.*, 760 F. Supp. 2d at 383. Prohaska and Local 79 urge me to adopt the

6

minority position here.  For the reasons set out below, I conclude that the majority view is correct — both as a textual matter, and in light of the Supreme Court's directive to construe the removal statute against removability when ambiguity exists.

1. The text of the statute supports the view that third-party counterclaim defendants may not remove under Section 1441(c)

As noted above, Section 1441(a) sets out an express limitation on which parties may remove, by stating that removal must be by "the defendant or the defendants."  The Third-Party Counterclaim Defendants do not argue that Section 1441(c) explicitly expands this authorization to third-party counterclaim defendants.  Instead, they claim that Section 1441(c) does so implicitly, by omitting the "defendant or the defendants" language found in Section 1441(a).  Under this reading, Section 1441(c) allows an entirely new category of parties to remove actions, without any express statement from Congress to that effect.

This argument is unpersuasive.  The fact that Congress did not repeat the term "defendant" in another provision of the same statute does not imply that it meant to expand the class of parties who may remove.  Instead, the better reading is a common-sense one.  Section 1441(c) is intended to bring additional clarity to the question of which categories of *claims*

7

can be removed – not to expand or contract the universe of parties who can remove them. Read in this manner, Section 1441(c) serves only "to clarify that in cases removed on the basis of federal question jurisdiction, the district court retains discretion to either adjudicate or remand any other nonremovable claims." *Arrow Fin. Servs., LLC v. Massil*, No. 08-CV-437, 2009 WL 348553, at *6 (E.D.N.Y. Feb. 11, 2009); *see also Gold Town Corp. v. United Parcel Serv., Inc.*, No. 20-CV-6287, 2021 WL 355057, at *6 (S.D.N.Y. Feb. 2, 2021) (reading Section 1441(c) "as limited to the subset of removed cases involving both federal and state claims in which the Court would not have supplemental jurisdiction over the state claims").

There is substantial support for this reading. For example, in *Bowling v. U.S. Bank Nat'l Ass'n*, 963 F.3d 1030, 1036-38 (11th Cir. 2020), the Eleventh Circuit held that "the most natural reading of the statute is that removal is generally authorized under (a), with (c) providing additional criteria for a certain subset of civil actions." *Id.* at 1038. Other courts have adopted this approach as well. *See, e.g.*, *Greater N.Y. Mut. Ins. Co. v. Anchor Const. Co.*, 326 F. Supp. 245, 248 (E.D. Pa. 1971) (holding that "removal by a defendant rather than by a third-party defendant is a logical limitation on Section 1441(c)," because "Section 1441(c) . . . receive[s] its vitality

8

from the general removal section, 1441(a)[,] which grants the right to removal to a 'defendant or defendants'").

The Supreme Court's reasoning in *Home Depot* further supports this conclusion. There, the Court held that third-party counterclaim defendants cannot remove under Section 1441(a), in part because the phrase "civil action" in that Section refers to the action "as defined by the plaintiff's complaint," which (by definition) excludes third-party counterclaim defendants. *Home Depot*, 139 S. Ct. at 1748 (cleaned up) (noting that "the civil action . . . of which the district court must have original jurisdiction is the action as defined by the plaintiff's complaint . . . ."). Section 1441(c) also refers to the removal of a "civil action." And a settled canon of statutory interpretation dictates that the contours of the "civil action" referred to in 1441(c) should be coterminous with the one referred to in 1441(a), as defined by the Supreme Court in *Home Depot*. *See Sorenson v. Sec'y of Treasury of U.S.*, 475 U.S. 851, 860 (1986) (general rule of statutory construction assumes that "identical words used in different parts of the same act are intended to have the same meaning"). This maxim supports reading the phrase "civil action" in subsection (c) to require a federal question to appear on the face of the plaintiff's complaint. Thus, the Supreme Court's reasoning in *Home Depot* supports the conclusion that third-party counterclaim

defendants cannot remove actions under Section 1441(c). *See Bureaus Inv. Grp. Portfolio No. 15, LLC v. Athey*, No. 20-CV-517, 2020 WL 7333377, at *2 (W.D. Wis. Dec. 14, 2020) (adopting this analysis).

2. <u>Ambiguity must be resolved in favor of remand</u>

This could be the end of the analysis. But, even assuming — *arguendo* — that Section 1441(c) is susceptible to multiple interpretations, binding and settled guidance requires that I adopt the narrower one — that is, the interpretation that favors remand. *See Shamrock Oil*, 313 U.S. 100 at 109 (the removal statute must be strictly construed against the extension of federal jurisdiction). For this reason, too, I conclude that Section 1441(c) does not permit removal here. To conclude otherwise would "expand federal jurisdiction beyond the parameters established by Congress," in contravention of the Supreme Court's admonition in *Shamrock Oil*. *Crawford by Crawford v. Hosp. of Albert Einstein Coll. of Med.*, 647 F. Supp. 843, 846 (S.D.N.Y. 1986). "This brand of statutory interpretation is misplaced, especially in the context of the removal statute." *Id.*

Employing this reasoning, courts in the Second Circuit have — with near unanimity — declined to permit third-party defendants to remove under Section 1441(c). *See, e.g., Certain Underwriters at Lloyd's v. Art Crating, Inc.*, No. 12-CV-5078,

2014 WL 123488, at *17 ("Given the Supreme Court's guidance that removal legislation be strictly construed . . . the majority view that third-party defendants lack standing to remove cases [under Section 1441(c)] to federal court is more persuasive . . . ."); *St. John's Univ.*, 760 F. Supp. 2d at 383 (holding that third-party defendants may not remove a case from state court under 1441(c) in light of the Supreme Court's directive to resolve ambiguities against removal); *Arrow Fin. Servs., LLC*, 2009 WL 348553, at *3-7 (remanding and noting that as a rule of interpretation, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly"); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 373 (S.D.N.Y. 2006) (the majority "view is more faithful to the Supreme Court's instruction . . . to strictly construe the removal statute"); *see also* 16 James W. Moore, MOORE'S FEDERAL PRACTICE § 107.41[6] (3d ed. 2021) ("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims [under Section 1441(c)] are not removable."). The Third-Party Counterclaim Defendants present no compelling reason to depart from the weight of this authority.

### IV. Conclusion

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, Kings County. The Clerk of Court is respectfully directed to remand the action, send a certified copy of this Order to the Clerk of that court, and close this case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 24, 2021
            Brooklyn, New York